IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ALYSSA J. HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| **ZOLL MEDICAL CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant ZOLL Medical Corporation ("ZOLL" or "Defendant") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and for its Notice of Removal, states as follows:

### The State Court Action

1.      The above-entitled action, now pending in the Thirty-First Judicial Circuit Court, Greene County, Missouri, is a civil action alleging disability discrimination, retaliation, and "aiding and abetting" under the Missouri Human Rights Act, and violations of the Missouri Merchandising Practices Act.

2.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant is attached hereto as Exhibit A, and the Petition is contained therein.

3.      Plaintiff filed her Petition on June 11, 2020.  The state court action is styled *Alyssa J. Huffman v. ZOLL Medical Corporation*, Case No. 2031-CC00689.

4.      Defendant was served with a civil summons and a copy of the Petition through its registered agent on June 29, 2020.  *See* Exhibit A.  Thus, this Notice of Removal has been timely filed within 30 days as required by 28 U.S.C § 1446(b).

**Jurisdiction and Venue**

5.      Because the Thirty-First Judicial Circuit Court of Greene County, State of Missouri, is within this district, this Court is the appropriate venue for removal.  28 U.S.C. § 1441(a) and 1446(a).

6.      This matter is subject to removal based upon diversity of citizenship, pursuant to 28 U.S.C. §1332.

**Diversity Jurisdiction**

7.      This Court has jurisdiction over this matter on the basis of diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties.

8.      Plaintiff is a citizen of the State of Missouri.  *See* Exhibit A, Plaintiff's Petition, ¶ 1.

9.      For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  ZOLL is incorporated and has its principal place of business in Massachusetts. *See* Exhibit B, Declaration of Aaron Grossman.  Accordingly, ZOLL is a citizen of Massachusetts for diversity purposes.

10.     There is complete diversity of citizenship between Plaintiff and Defendant and the diversity of citizenship requirement is met.

11.     Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interests and costs, to be in excess of $75,000.

12.     Pursuant to 28 U.S.C. 1446(c), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.  Here, Plaintiff demands actual damages Fifty-Three Thousand Eight Hundred and Four Dollars and 87 Cents. ($53,804.87) in Count IV of her Petition for alleged unpaid commissions under the Missouri Merchandising Practices Act. Plaintiff also seeks penalties pursuant to Mo. Rev. Stat § 407.913.

13.     In addition, in Counts I, II, and III, Plaintiff seeks lost back pay, front pay and benefits resulting from her alleged wrongful termination in violation of the Missouri Human Rights Act.

14.     Plaintiff also seeks emotional distress damages and punitive damages, which should be considered when determining the amount in controversy.  *White v. United Parcel Serv.,* No. 4:11CV00707 AGF, 2012 U.S. Dist. LEXIS 31280, at * 8 (E.D. Mo. March 8, 20212).

15.     If Plaintiff prevails on her claims, she will likely be awarded reasonable attorneys' fees and costs as provided for by the Missouri Human Rights Act.  Statutory attorneys' fees count towards the jurisdictional minimum for diversity jurisdiction.  *Brouwer v. Wyndham Vacation Resorts, Inc.,* No. 2:14-cv-041112-NKL, 2014 U.S. Dist. LEXIS 106160, at *8 (W.D. Mo. Aug. 4, 2014) (*citing Crawford v. F. Hoffman La Roche,* 267 F.3d 760, 766 (8th Cir. 2001)).

16.     In similar employment-related cases, the federal courts of Missouri have concluded that the amount in controversy exceeds $75,000 where the alleged compensatory damages are less than $75,000 but other items of damage are requested and available.  *See e.g. Polites v. Home Depot U.S.A., Inc.*, No. 4:13CV143 CDP, 2013 U.S. Dist. LEXIS 77466, at *5 (E.D. Mo. June 3, 2013) (denying motion to remand, even though the plaintiff's compensatory damages were only $44,000, as combination of claims for compensatory, emotional, and punitive damages, along with attorneys' fees, would clearly permit finder of fact to potentially award "well in excess of the

$75,000 threshold"); *see also White*, 2012 U.S. Dist. LEXIS 31280, at *8 (concluding the combination of $35,000 in alleged compensatory damages with alleged emotional and punitive damages was sufficient to meet the jurisdictional minimal requirement).

17.     Based on the foregoing, the amount in controversy requirement is satisfied.

## Compliance with Procedural Requirements

18.     ***Notice:*** Simultaneous with the filing of this Notice of Removal, Defendant notified the Thirty-First Judicial Circuit Court, Greene County, Missouri, of the removal of this action. No other process, pleadings, or orders have been served or filed in this action.

19.     A Civil Cover Sheet and Disclosure of Corporate Interests for Defendant are filed with this Notice.

20.     Defendant will promptly provide notice of this Notice of Removal to Plaintiff, pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendant respectfully requests that this action, now pending in the Thirty-First Judicial Circuit Court, Greene County, Missouri, be removed to the United States District Court for the Western District of Missouri, Southern Division.

Respectfully submitted,

*/s/ Patricia J. Martin*
Patricia J. Martin #57420(MO)
pmartin@littler.com
Rebecca Christensen
bchristensen@littler.com #62798(MO)
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, MO  63101
Telephone: 314.659.2000
Facsimile: 314.659.2099

Attorneys for Defendant ZOLL Medical
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of July 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system and served via electronic Mail, and United States Mail upon the following:

Steven J. Blair
Adam Pihana
Timothy Ricker
Hall Ansley, P.C.
3275 E. Ridgeview
Springfield, MO 65804

Attorneys for Plaintiff

*/s/ Patricia J. Martin*

4842-6927-8147.6