

| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess Logoff RCHRISTENSEN |

**2031-CC00689 - ALYSSA J HUFFMAN V ZOLL MEDICAL CORPORATION (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**07/07/2020** ☐ **Corporation Served**
Document ID - 20-SMCC-1249; Served To - ZOLL MEDICAL CORPORATION; Server - SO COLE COUNTY-JEFFERSON CITY; Served Date - 29-JUN-20; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - By leaving a copy with CSC Lawyers, SL Designee.

**06/12/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-1249, for ZOLL MEDICAL CORPORATION. Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./adb

**06/11/2020** ☐ Filing Info Sheet eFiling
    **Filed By:** ADAM PEKELO PIHANA

☐ **Pet Filed in Circuit Ct**
Plts Petition; Exhibit./adb
    **On Behalf Of:** ALYSSA J HUFFMAN

☐ Judge Assigned

---

Case.net Version 5.14.0.17      Return to Top of Page      Released 11/25/2019

# Exhibit A

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| ALYSSA J. HUFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| ZOLL MEDICAL CORPORATION, | ) **JURY TRIAL DEMANDED** |
| Serve Registered Agent: | ) |
| CSC<br>221 Bolivar St.<br>Jefferson City, MO 65101 | ) |
| Defendant. | ) |

## **PETITION**

COMES NOW Plaintiff Alyssa Huffman, by and through her attorneys of record, Hall Ansley, P.C., and for her cause of action against defendant Zoll Medical Corporation, states, alleges and avers to the Court as follows:

### **PARTIES**

1. Plaintiff is a resident of the City of Springfield, Greene County, State of Missouri.

2. Defendant Zoll Medical Corporation is a foreign corporation with its principal place of business in the state of Massachusetts.

3. Service of Process may be perfected on defendant Zoll by serving its registered agent, CSC, at 221 Bolivar St., Jefferson City, Missouri.

4. At all times relevant, Defendant acted by and through its duly authorized agents, servants, and employees.

## VENUE AND JURISDICTION

5. Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

6. This cause of action sounds in tort.

7. The injuries suffered by Plaintiff on account of the actions of Defendant were first sustained in Greene County, Missouri.

8. Defendant's corporate headquarters are located in Chelmsford, Massachusetts.

9. Plaintiff seeks damages in excess of $25,000.00.

10. Plaintiff timely dual-filed a charge of discrimination ("the Charge") with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC.")

11. The MCHR issued Plaintiff a Notice of Right to Sue on March 18, 2020. *See* "Notice of Right to Sue," dated March 18, 2020, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

12. The claims sued on pursuant to Exhibit A are made within ninety (90) days of March 18, 2020.

13. Upon information and belief, Defendant has had more than six (6) employees in the last calendar year.

14. Pursuant to R.S.Mo. §§ 506.500 and 508.010(6), this Court has jurisdiction and venue in this cause.

## ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

16. Plaintiff began working for Zoll Medical Corporation (Zoll) in September 2016 as a territory manager in Defendant's Temperature Management Division.

17. Plaintiff sold medical products that managed the temperature of a patient's bloodstream so as to prevent injury - specifically the Thermogard product and the STx Surface Pad System.

18. Plaintiff suffers from trigeminal neuralgia, a chronic pain condition that causes excruciating facial pain.

19. When it flares up, the pain can become so severe that Plaintiff cannot leave her house.

20. Plaintiff's territory included the Barnes Jewish Hospital system, which consisted of several hospitals with dedicated intensive care units.

21. Plaintiff established a productive sales relationship with Barnes Jewish.

22. In November 2018, as a result of Plaintiff's efforts, Zoll and Barnes Jewish were in talks for Zoll to sell Barnes Jewish forty STx Surface Pad System units and at least twelve Thermogard units.

23. Plaintiff was the second-most productive person in her division, second only to another salesman in Chicago.

24. Plaintiff was compensated by Defendant in whole or in part commission basis, as defined by R.S.Mo. §407.911.

25. During her employment, Plaintiff provided Defendant with information for three sales for which commissions should have been paid to her within thirty days of acceptance and payment.

3

Case 6:20-cv-03230-BCW   Document 1-1   Filed 07/27/20   Page 4 of 17

26. The machines were delivered, evaluations were completed, agreements to purchase were confirmed, and Defendant was in the process of collection because the facilities are awaiting budget approval.

27. The specific orders were:

    a. Barnes Jewish Hospital Oncology

        1. **Total commission:** $6,280.44

    b. Barnes Jewish Hospital – SICU/Burn

        2. **Total commission:** $14,469.88

    c. CCU

        3. **Total commission:** $7,234.94

    d. Jewish Hospital - Louisville, KY

        4. **Total commission:** $14,654.37

    e. University of Missouri-Columbia

        5. **Total commission:** $11,165.23

28. Additional units were sold to Baptist Hospital in Little Rock, AR, the University of Louisville Hospital and University of Kansas Hospital.

29. For these orders to have been obtained for Defendant, Plaintiff conducted significant work in the form of (among other things) initiating a series of meetings to gain approval to proceed (typically taking at least 6 months), developing protocols, obtaining assent to the terms of the evaluation needed to be signed by the Hospital and returned, and working to deploy the machines.

30. In January of 2019, Plaintiff suffered a trigeminal neuralgia flare-up while in Kansas City, Missouri, traveling for work.

31. Plaintiff could not work the entire next week, except from home.

32. Plaintiff texted Defendant on February 19, 2019, and advised that she was going to schedule surgery (a microdecompression) to treat the trigeminal neuralgia.

33. Plaintiff was told to schedule the surgery and that Defendant would work with her.

34. On March 1, 2019, Plaintiff received an email advising that she needed to be available for a conference call Monday, March 4, 2019.

35. On that conference call Neil Johnston, the President of the Zoll Circulation Division and Mark Moulaison of the human resources department, told Plaintiff that her position was being eliminated as part of a reduction in force due to the performance of the Temperature Management Division, effective March 8, 2019.

36. There were fourteen people employed in the Temperature Management Division.

37. Six people (including Plaintiff) were terminated and eight people were either kept on or allowed to transfer to other positions.

38. Plaintiff was not offered a transfer.

39. The most successful salesperson numbers-wise was kept on.

40. By the time of her termination, Plaintiff had sold eleven Thermogard machines.

41. An individual who had sold the same number of machines as Plaintiff had remained employed, but another individual with zero machine sales also remained employed.

42. Defendant also kept on several other individuals with significantly fewer sales than Plaintiff.

43. Two individuals with zero machine sales were transferred to different divisions within the company.

5

Case 6:20-cv-03230-BCW   Document 1-1   Filed 07/27/20   Page 6 of 17

44. Another individual with zero machine sales was permitted to reapply and eventually obtained a position in a different division within the company.

45. Upon information and belief, none of the individuals who were allowed to remain employed also reported a disability to Defendant or requested a reasonable accommodation because of a disability from Defendant prior to the March 8 reduction in force.

46. Following her termination, Defendant failed and refused to pay Plaintiff commission payments due and owing.

## COUNT I
### Violation of the Missouri Human Rights Act
### Disability Discrimination

47. Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

48. Plaintiff is a member of a protected group pursuant to the Missouri Human Rights Act because her condition substantially limited one or more of her major life activities but did not prevent her from performing her job with or without reasonable accommodations.

49. Defendant subjected Plaintiff to discrimination on account of a disability, a record of disability, and/or perception of disability it held.

50. Plaintiff is a member of a protected group and was subjected to discrimination due to a disability, record of disability, and/or a perception of disability; a causal nexus exists between the discrimination and Plaintiff's membership in the protected group; the discrimination/harassment impacted a term, condition, or privilege of Plaintiff's employment with Defendant; Plaintiff was terminated on account of her disability, record of disability, and/or perception a disability.

51. As a direct and proximate result of the discrimination, as described herein, Plaintiff has suffered the following:

   a. Lost income, including but not limited to back pay, front pay and lost benefits;

   b. Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

   c. Mental and emotional anguish defined as "garden variety" by Missouri law.

52. Pursuant to the MHRA, R.S.Mo. § 213.111, Plaintiff is entitled to and hereby requests an award of attorney's fees and post judgment interest at the highest lawful rate on any award or verdict provided.

53. The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter said Defendant, and others similarly situated, from like conduct in the future.

WHEREFORE, Plaintiff prays for an award of damages against defendant Zoll Medical Corporation in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

### COUNT II
**Violation of the Missouri Human Rights Act**
**Disability Retaliation**

54. Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

Electronically Filed - Greene - June 11, 2020 - 02:41 PM

55. Defendant terminated Plaintiff because Plaintiff opposed Defendant's discrimination against her based on a disability.

56. The termination violated R.S.Mo. § 213.070(2).

57. The retaliation occurred because Plaintiff opposed Defendant's discrimination based on a disability.

58. As a direct and proximate result of Defendant's conduct as described herein, Plaintiff suffered lost income, including but not limited to back pay and front pay, lost career opportunities, including but not limited to opportunities for advancement in status and pay, the loss of employment benefits, and mental and emotional anguish defined as "garden variety" by Missouri law.

59. The retaliatory acts of Defendant were made with malicious or reckless indifference to Plaintiff's protected rights, and/or were outrageous because of their evil motive and/or reckless indifference to Plaintiff's rights.

60. As Defendant's conduct complained of herein was intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

61. Pursuant to R.S.Mo. § 213.111(2) of the MHRA, Plaintiff is entitled to and hereby requests an award of attorney's fees.

62. Plaintiff further requests post judgment interest on any award of damages calculated at the highest lawful rate.

WHEREFORE, Plaintiff prays for an award of damages against defendant Zoll Medical Corporation in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for

punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

## COUNT III
### Violation of the Missouri Human Rights Act
### R.S.Mo. § 213.070(1)

63. Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

64. Defendant and their employees, through their actions and comments as described above, aided, abetted, and compelled violations of the Missouri Human Rights Act.

65. As such, Defendant violated R.S.Mo. § 213.070(1).

66. Plaintiff's disability was a factor compelling Defendant, and its employees, to aid, abet, and compel acts that violated the Missouri Human Rights Act.

67. A term, condition, or privilege of Plaintiff's employment was affected by the foregoing as described above.

68. As a direct and proximate result of the acts described above, Plaintiff suffered lost income, including but not limited to back pay and front pay, lost career opportunities, including but not limited to opportunities for advancement in status and pay, the loss of employment benefits, and mental and emotional anguish defined as "garden variety" by Missouri law.

69. The acts of Defendant were made with malicious or reckless indifference to Plaintiff's protected rights, and/or outrageous because of their evil motive and/or reckless indifference to Plaintiff's rights.

70. As Defendant's conduct complained of herein was intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

71. Pursuant to R.S.Mo. § 213.111(2) of the MHRA, Plaintiff is entitled to and hereby requests an award of attorney's fees. Plaintiff further requests post judgment interest on any award of damages calculated at the highest lawful rate.

WHEREFORE, Plaintiff prays for an award of damages against defendant Zoll Medical Corporation in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

## COUNT IV
### Violation of the Missouri
### Merchandising Practices Act (MMPA)
### R.S.Mo. § 407.912

72. Plaintiff hereby restates, reincorporates, and realleges all preceding paragraphs as though fully restated herein *in haec verba*.

73. Nothing in in section 407.911, *et seq.* shall be construed to "impair a sales representative from collecting commissions on products or services ordered prior to the termination of the contract between the principal and the sales representative but delivered and accepted by the purchaser after such termination." Mo.Rev.Stat. § 407.912

74. Under § 407.912, a sales representative is entitled to be paid all commissions then due within thirty days, as well as any and all commissions that become due after the date of such termination, within thirty days of becoming due. Mo. Rev. Stat. § 407.912.

75. Under § 407.913, a failure to timely pay the sales representative commissions earned by such sales representative subjects the principal to liability for actual damages, and an additional amount as if the sales representative were still earning commissions calculated on an

Case 6:20-cv-03230-BCW   Document 1-1   Filed 07/27/20   Page 11 of 17

annualized *pro rata* basis from the date of termination to the date of payment. Mo.Rev.Stat. § 407.913.

76. Plaintiff may also recover her reasonable attorney's fees and costs. Mo.Rev.Stat. § 407.913.

77. To date, Defendant has failed and refused to pay Plaintiff her commissions due and owing.

78. Plaintiff is owed $53,804.87 in unpaid commissions in addition to any amounts due pursuant to § 407.913 in the way of any additional amount calculated on an annualized *pro rata* basis from the date of termination to the date of payment, attorneys' fees and costs, and interest.

79. Defendant's failure and refusal to pay Plaintiff her commissions due and owing was malicious or done with reckless indifference to Plaintiff's protected rights, and/or outrageous because of Defendant's evil motive and/or reckless indifference to Plaintiff's rights.

80. As Defendant's conduct complained of herein was intentional, willful, malicious, oppressive, and in reckless disregard of Plaintiff's rights, Plaintiff is entitled to recover and hereby requests punitive damages against Defendant.

WHEREFORE, Plaintiff prays for an award of damages against defendant Zoll Medical Corporation in the amount of $53,804.87 for unpaid commissions due and owing; for an additional amount calculated on an annualized *pro rata* basis from the date of termination to the date of payment; attorneys' fees and costs, and interest an amount determined to be fair and reasonable; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter Defendant and others similarly situated from like actions in the future; and for such other and further relief as the Court deems just and proper.

Electronically Filed - Greene - June 11, 2020 - 02:41 PM

HALL ANSLEY, P.C.


By: /s/ Adam P. Pihana
    STEVEN J. BLAIR
    sblair@hallansley.com
    Missouri Bar Number 52706
    ADAM P. PIHANA
    apihana@hallansley.com
    Missouri Bar Number 59540
    TIMOTHY A. RICKER
    tricker@hallansley.com
    Missouri Bar Number 62050

HALL ANSLEY, P.C.
3275 E. Ridgeview
Springfield, MO 65804
Telephone: 417/890-8700
Facsimile: 417/890-8855
*Attorneys for Plaintiff*

12



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON<br>GOVERNOR | ANNA S. HUI<br>DEPARTMENT DIRECTOR | Martha Staggs<br>COMMISSION CHAIRPERSON | ALISA WARREN, PH.D.<br>EXECUTIVE DIRECTOR |
|---|---|---|---|

Alyssa J. Huffman
3158 W. Lakefront Court
Springfield, MO 65810

## NOTICE OF RIGHT TO SUE

RE: Alyssa J. Huffman vs. ZOLL MEDICAL CORPORATION
E-08/19-51335  28E-2019-01431C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

March 18, 2020
Date

C:  additional contacts listed on next page

☒ ☐ ☐ ☐ ☐

# EXHIBIT A

| 3315 W. TRUMAN BLVD.<br>P.O. BOX 1129<br>JEFFERSON CITY, MO 65102-1129<br>PHONE: 573-751-3325 | 111 N. 7TH STREET, SUITE 903<br>ST. LOUIS, MO 63101-2100<br>PHONE: 314-340-7590<br>FAX: 314-340-7238 | P.O. BOX 1300<br>OZARK, MO 65721-1300 | 1410 GENESSEE, SUITE 260<br>KANSAS CITY, MO 64102<br>FAX: 816-889-3582 | 106 ARTHUR STREET<br>SUITE D<br>SIKESTON, MO 63801-5454<br>FAX: 573-472-5321 |
|---|---|---|---|---|

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
BCI/TTY: 1-800-735-2966 (TDD)   Relay Missouri 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov

RE:    Alyssa J. Huffman vs. ZOLL MEDICAL CORPORATION
E-08/19-51335  28E-2019-01431C

ZOLL MEDICAL CORPORATION
269 Mill Road
Chelmsford, MA 01824

Patricia Martin
ATTORNEY AT LAW
600 Washington Avenue, Suite 900
Saint Louis, MO 63101

Adam P. Pihana
ATTORNEY AT LAW
3275 East Ridgeview
Springfield, MO 65804



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2031-CC00689 |
|---|---|
| Plaintiff/Petitioner:<br>ALYSSA J HUFFMAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ADAM PEKELO PIHANA<br>3275 E RIDGEVIEW<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>ZOLL MEDICAL CORPORATION | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** ZOLL MEDICAL CORPORATION
**Alias:**

R/A CSC
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

06/12/2020                    /S/ THOMAS R. BARR BY ADB
Date                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server             Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____      _____
                              Date                                  Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est               $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $_____10.00_____
Mileage               $_____ (_____ miles @ $._____ per mile)
**Total**             $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-1249**    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03230-BCW   Document 1-1   Filed 07/27/20   Page 16 of 17



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

FILED
CRIM JUL 7 2020
MAIL
CIRCUIT CLERK GREENE COUNTY

RECEIVED
JUN 26 2020
COLE COUNTY
SHERIFF'S OFFICE
(Date File Stamp)

| Judge or Division: MICHAEL J CORDONNIER | Case Number: 2031-CC00689 |
|---|---|
| Plaintiff/Petitioner: ALYSSA J HUFFMAN vs. | Plaintiff's/Petitioner's Attorney/Address ADAM PEKELO PIHANA 3275 E RIDGEVIEW SPRINGFIELD, MO 65804 |
| Defendant/Respondent: ZOLL MEDICAL CORPORATION | Court Address: JUDICIAL COURTS FACILITY 1010 N BOONVILLE AVE SPRINGFIELD, MO 65802 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

## Summons in Civil Case

The State of Missouri to: ZOLL MEDICAL CORPORATION
Alias:

R/A CSC
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

COURT SEAL OF



GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

06/12/2020          /S/ THOMAS R. BARR BY ADB
Date          Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: CSC Lawyers, S.C. (name) designee (title)
☐ other: _____

Served at 350 E. High St. _____ (address)
in Cole (County/City of St. Louis), MO, on 06-29-2020 (date) at 8:00 am (time).

Sheriff John P Wheeler    by    SA Aimee Wray
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ _____
Date      Notary Public

### Sheriff's Fees, if applicable
Summons    $_____
Non Est    $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $ 10.00
Mileage    $_____ (___ miles @ $.___ per mile)
Total    $_____

$39.75

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-1249    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:20-cv-03230-BCW    Document 1-1    Filed 07/27/20    Page 17 of 17